## Mat Thompson v. The State.

### No. 3101.   Decided March 8, 1905.

**1.—Simple Assault—Former Jeopardy—Mayor's Court.**

Where defendant was convicted of an affray in the mayor's court and afterwards indicted for an aggravated assault upon the same transaction and convicted of a simple assault, the defendant interposing a plea of former jeopardy, which the court upon oral exception struck from the record and instructed the jury to find upon the question of simple assault. Held if the allegations of defendant's plea of former jeopardy were sustained by the proof he was entitled to an acquittal.

**2.—Same—Evidence—Rebuttal.**

Where the State introduced a certain transaction with reference to a horse trade which seemed to have led to the alleged assault by defendant, the defendant should have been permitted to explain his side of it.

**3.—Same—Impeaching Evidence.**

The defendant who was charged with assault, should have been permitted to introduce in evidence the statements of the alleged assaulted party made the day subsequent to the assault contradictory of his testimony on the stand.

Appeal from the County Court of Eastland.   Tried below before Hon. S. A. Bryany.

Appeal from a conviction of simple assault; penalty, a fine of $10. The following statement from appellant's brief, in addition to the statement in the opinion of the court, will further elucidate the case.

The appellant interposed the plea of former conviction, and the said plea on its face showed, (1) a certified copy of a valid complaint, filed in the Mayors Court of the town of Gorman, charging the appellant with an affray with the prosecuting witness, Joe Ferguson, on the 21st day of December, 1903, in the town of Gorman, (2) a certified copy of a valid judgment, in due and legal form, convicting the appellant of an affray, in the Mayors Court of the town of Gorman, and the said judgment bears date of December 21st, 1903, and the said plea further showed, (3) that the offense, for which the appellant was being tried and for which the appellant was convicted in the County Court of Eastland County, was an offense, growing out of one and the same, and no other, transaction, than the one, for which the appellant had been tried and convicted in the Mayors Court of the town of Gorman.

No objection was urged to the said plea on account of any informality, but the court sustained a general demurrer to the same, and refused to

allow the same submitted to the jury; the appellant excepted, and duly presented a bill of exceptions.

On the trial of the case the court, over the objection of the appellant, instructed the jury as follows, to wit: "But, if you believe from the evidence, that the defendant is guilty of an assault, or an assault and battery, but have a reasonable doubt as to whether such an assault and battery was an aggravated assault and battery as hereinbefore defined, you will acquit him of an aggravated assault and battery, and find him guilty of a simple assault, or a simple assault and battery, and assess his punishment at a fine of not less than $5 nor more than $25."

The court also instructed the jury that: "The punishment for simple assault and battery, unattended with circumstances of aggravation is by fine of not less than $5 nor more than $25," to which said charge the appellant excepted at the time, and had his bill of exceptions made a part of the record.

*J. R. Stubblefield,* for appellant.—A conviction, in a mayors court, for the offense of an affray, is a complete bar to a prosecution for the offense of a simple assault in the county court for an offense, growing out of one and the same transaction, and no other transaction. Article 9, Code of Criminal Procedure; article 931, Code of Criminal Procedure. Reagan v. State, 51 S. W. Rep., 914; Davis v. State, 37 Texas Crim. Rep., 359.

*Howard Martin,* Assistant Attorney-General, for the State.

The court should have submitted the defendant's special plea to the jury with instructions that if they found appellant guilty of an aggravated assault, they would find against his plea; but if for a simple assault such plea should prevail. The court will observe that the conviction was for a simple assault.

DAVIDSON, PRESIDING JUDGE.—Under a charge of aggravated assault, appellant was convicted of simple assault, and fined $10. Appellant interposed a plea of former jeopardy, in which it was alleged that on the same facts and identical case, appellant was tried and convicted in the Mayors Court of the town of Gorman; that there was a trial, in which the city attorney represented the prosecution, which resulted in conviction for an affray. Without discussing the pleading setting up former jeopardy, suffice it to say, that it is sufficient on its face, alleging the identity of the case with the one on trial; the transaction and the facts attending it are identical with those for which this conviction resulted. The demurrer of the prosecuting attorney was sustained by the court, and appellant was tried for an assault as before stated. This case is identical with that of Reagan v. State, 51 S. W. Rep., 914, where the judgment was reversed. If the allegations of appellant's plea of former jeopardy is sustained by the proof, he was entitled to an acquittal in this transaction. There are some other ques-

tions in the case which we deem unnecessary to discuss. However, we would say that the State proved by the alleged assaulted party a transaction in which the assaulted party traded or sold appellant a horse, appellant offered to prove different circumstances in connection with this trade, explaining his side of it. This testimony should have been admitted. Appellant also offered in evidence the statements of the assaulted party, made the day subsequent to the assault, contradictory of his testimony upon the stand. This should have been admitted.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Henderson, Judge, absent.